JS 6

CC: MDL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>Bluetooth Headset Products<br>Liability Litigation | Case No. 2:07-ML-1822-DSF-E<br><br>**JUDGMENT PURSUANT TO FED.**<br>**R. CIV. P. 58**<br><br>CV 06-5182 DSF (Ex)<br>CV 06-6280 DSF (FMOx)<br>CV 06-7606 DSF (Ex)<br>CV 06-6708 DSF (Ex)<br>CV 06-7107 DSF(FMOx)<br>CV 07-1353 DSF (Ex)<br>Cv 07-1356 DSF (Ex)<br>CV 07-1358 DSF (Ex)<br>CV 07-1361 DSF (Ex)<br>CV 07-1364 DSF (Ex)<br>CV 07-1376 DSF (Ex)<br>CV07-1384 DSF (Ex)<br>CV 07-1390 DSF (Ex)<br>CV 07-1408 DSF (Ex)<br>CV 07-2359 DSF (Ex)<br>CV 07-2361 DSF (Ex)<br>CV 07-2367 DSF (Ex)<br>CV 07-2370 DSF (Ex)<br>CV 07-2373 DSF (Ex)<br>CV 07-2391 DSF (Ex)<br>CV 07-2392 DSF (Ex)<br>CV 07-2393 DSF (Ex)<br>CV 07-2394 DSF (Ex)<br>CV 07-2395 DSF (Ex)<br>CV 07-2396 DSF (Ex)<br>CV 07-2397 DSF (Ex)<br>CV 07-5570 DSF (Ex) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JUDGMENT PURSUANT TO FED. R. CIV. P. 58**

1  The Court, having considered the papers submitted in support of the proposed Settlement Agreement and the oral presentations of counsel, having considered all objections made to the proposed Settlement Agreement and the oral presentations of those objectors who appeared at the Fairness Hearing, and having considered all applicable law, finds that there is no just reason for delay of the entry of this Judgment. This Judgment adopts and incorporates the Settlement Agreement and the terms defined therein.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court finds that it has personal jurisdiction over the Parties and all members of the Settlement Class and that it has subject matter jurisdiction to approve the Settlement Agreement.

2. The Class is certified for settlement purposes only pursuant to Federal Rule of Civil Procedure 23(b)(3).

3. The Court approves the settlement of these Actions on the terms and conditions set forth in the Settlement Agreement as being fair, adequate, and reasonable.

4. The best notice practicable having been provided to Class Members and full opportunity having been offered to them to withdraw, all Class Members who did not timely elect to be excluded from the Class are bound by this Judgment.

5. The requirements and provisions of 28 U.S.C. § 1715 having been satisfied, Class Members may not refuse to comply with or to be bound by the Settlement Agreement pursuant to 28 U.S.C. § 1715(e).

///
///
///
///

6. On the Effective Date,[1] the Representative Plaintiffs and all Class Members are conclusively deemed to have released, waived and discharged Defendants and the Released Parties as described in the Release set forth in Paragraphs 3.9-3.10 of the Settlement Agreement. The Settlement Agreement, including the Release contained in Paragraphs 3.9-3.10, is fully binding on the Representative Plaintiffs and all Class Members.

7. On the Effective Date, the Representative Plaintiffs shall have, and each Class Member and the Class shall be deemed to have, covenanted and agreed that he or she shall not, at any time, institute, cause to be instituted, assist in instituting or permit to be instituted on his or her behalf any proceeding in any state or federal court, in or before any administrative agency, or any other proceeding or otherwise allege or assert any of the Settled Claims, as defined by the Settlement Agreement, against Defendants or the Released Parties, individually or collectively.

8. The Actions, as defined in the Settlement Agreement, are dismissed with prejudice. Following entry of this Judgment and completion of all obligations and undertakings set forth in this Judgment and the Settlement Agreement, no default by any Party shall affect the final dismissal of the Actions with prejudice, the discharge of any of the Defendants, any Released Persons, Class Counsel, Representative Plaintiffs, or Class Members, either individually or collectively, or the releases and covenants provided in connection with the Settlement Agreement and set forth in Paragraphs 3.9-3.11.

9. Defendants have taken or shall take the following steps:

---

[1] The Settlement Agreement defines "Effective Date" as "the date when each and all of the following conditions have occurred: (a) This Agreement has been fully executed by all the Parties and their counsel; (b) Orders have been entered by the Court certifying the Settlement Classes, granting preliminary approval of this Agreement, and approving the Notice Plan; (c) The Court-approved Notice Plan has been duly promulgated as ordered by the Court; (d) The Court has entered an order approving this Agreement and finally dismissing the Released Claims with prejudice; and (e) That order and judgment becomes Final." (Agreement ¶ 1.9.)

a. post acoustic safety information, in substantially the form as attached in Exhibit C to the Settlement Agreement, on their respective websites within ten (10) business days following the Court's approval of the Notice Order, and identify these websites in the Class Notice; and

b. provide the additional acoustic safety information set forth in Exhibit D to the Settlement Agreement in product manuals and/or packaging for new Bluetooth headsets shipped ninety (90) days after the Effective Date.

1. Within thirty (30) days after the Effective Date, Defendants shall pay a total of $100,000 to fund the following organizations, in the specified amounts: The University of Tennessee College of Medicine, Center for Independent Living Research ("CILR"), $31,666.67; the National Hearing Conservation Association ("NHCA"), $31,666.67; the American Speech and Hearing Association ("ASHA"), $31,666.66; and the Greater Los Angeles Agency on Deafness ("GLAD"), $5,000.

2. Class Members who failed to timely and properly object to the Settlement Agreement shall be foreclosed from seeking review of the Settlement, by appeal or otherwise.

3. Except as otherwise ordered by the Court, each Party and objector shall bear its, his, or her own litigation expenses.

4. The Settlement Agreement shall not be construed as or be deemed an admission or even a suggestion of the truth of any allegation, the validity of any claim asserted in the Actions, or as evidence of any violation of any state or federal law or of any wrongdoing by Defendants.

5. If the Settlement does not become Final[2] for any reason, the Parties shall be restored to their respective positions in the litigation and shall proceed in all respects as if there were no Class certification for settlement purposes and as if the Settlement Agreement had not been executed.

6. Without affecting the finality of this Judgment, the Court will retain continuing and exclusive jurisdiction over the Parties and all Class Members for purposes of implementing and enforcing this Judgment and the Settlement Agreement.

7.

8.

9.

DATED: _9/25/09          By: _____
                              DALE S. FISCHER
                              United States District Judge

---

[2] The Settlement Agreement defines "Final" as follows: "(a) the judgment is a final, appealable judgment order; and (b) either (i) no appeal has been taken from the judgment as of the date on which all times to appeal there from have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or reargument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the Final Order and judgment in all material respects." (Agreement ¶ 1.10.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JUDGMENT PURSUANT TO FED. R. CIV. P. 58**